**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4296**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

KEVIN EUGENE BROWN,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00423-CCE-1)

_____

Submitted: February 23, 2017      Decided: February 27, 2017

_____

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Lynne Louise Reid, L.L. REID LAW, Chapel Hill, North Carolina, for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Eugene Brown appeals his conviction and 96-month sentence after pleading guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Brown's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Brown's sentence is procedurally and substantively reasonable. Brown has filed a pro se brief challenging his designation as a career offender. We affirm.

We review Brown's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. Id. at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. We presume that a sentence below a properly calculated Guidelines range is reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

2

After reviewing the presentence report and sentencing transcript, we conclude that Brown's sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range and sufficiently explained its reasons for imposing the sentence Brown received. We discern no error in the district court's application of the career offender enhancement, as Brown had the requisite number of prior convictions for controlled substance offenses. Finally, Brown has not made the showing necessary to rebut the presumption of reasonableness accorded his below-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED